JAMES R. WHITING, RESPONDENT, v. THE MAYOR, AL-
DERMEN, AND COMMONALTY OF THE CITY OF
NEW YORK, APPELLANTS.

*Complaint—Demurrer—Proper Parties—Leave to Plead.*

When a pleading is sustained—the demurrer being overruled—and leave
is given to answer the pleading, the demurrant is put to his election to answer
over or submit to judgment, and if he submit to judgment it is final.

On an appeal from such judgment to this Court the appeal comes here on the
question of affirmance or reversal only, and no leave to plead anew can be
given.

*Wright & Cornell* for the Respondent.

*R. O'Gorman* for the Appellants.

GROVER, J.—No question was raised in this Court but that
the Court of Common Pleas of the city of New York had juris-
diction of the action.   The real estate affected is situated in the
city of New York, and the Court of Common Pleas has concur-
rent jurisdiction with the Supreme Court.

The complaint alleges that Worth street is situated south of
Sixty-third street, and that the Street Commissioner did not,
before the proceedings taken by the Common Council to change
the grade of said street, cause the notice to be published as re-
quired by the second section of the act entitled "An Act to make
permanent the Grades of the Streets and Avenues of the City of
New York " (Laws of 1852, page 46), and that the consent of the
owners of two-thirds of the land, in lineal feet, to such change of
grade was not procured, as required by said section.

These averments (if true) show that if Worth street is one of
the streets having an established grade within the act in question,
the Common Council had no power to make an order changing
such grade, and that all its acts for that purpose were void.

The language of the section (2) is, that " Whenever an applica-
tion shall be made to said Common Council to change or alter

13

the grade of any street or avenue in said city, already established south of Sixty-third street, or which may hereafter be established north of Sixty-second street, in whole or in part," &c.; and in another clause of the same section the language is precisely the same, thus clearly placing the grades south upon a different basis from those north of Sixty-third street—making the grades of all the former, as already established, not subject to change by the Common Council, except by complying with the requirements of the act, while the latter might be determined and established by the Common Council without such compliance, and when so established they were placed upon the same footing as the former as to subsequent changes.

It follows that the complaint shows that Worth street had an established grade, and that the ordinance providing for a change is a mere nullity. The complaint further avers that the execution of the ordinance providing for the change will produce a great and irreparable injury to the Plaintiff.

The demurrer admits this. If the fact be so, there being no question as to Plaintiff's title to the land and buildings claimed by him, the case is clearly within the jurisdiction of equity to prevent this injury.

It comes directly within the principle upon which the Albany Northern Railroad Company v. Brownell (24 N. Y. 345) was decided. It is not a case where the Common Council had the right to make the change, but in attempting to make it have committed such irregularities as to make the proceedings void, but have the right to begin de novo and make the change valid.

In such cases equity will not interfere, but leave the parties to their legal remedies. In this case they cannot make the change at all without the assent of the owners of two-thirds of the land, computed by lineal feet upon the street. This consent may never be given, and, consequently, the Common Council may never acquire the power to act.

Equity, uniformly, when it has jurisdiction of the case, gives, if any, a complete remedy, and does not send its suitors to a Court of Law for a part of the redress to which the case entitles them.

It was upon this principle that the damages already sustained by the Plaintiff from the prosecution of the work were awarded to him, in addition to an injunction restraining its further prosecution. The complaint alleges that the Defendants are prosecuting the work. The demurrer admits it. They are therefore properly made Defendants.

It is insisted that the Defendants are only prosecuting the work through the officers of the city, and if their acts are void in directing the officers to proceed with it, the latter only are liable. The answer to this position is, that the Defendants, by giving the directions to the officers to make the change, have committed a wrong against the rights of the Plaintiff, and that municipal, like other corporations, are answerable for wrongs.

The judgment appealed from must be affirmed, with costs.
Affirmed.

<div align="right">

JOEL TIFFANY,
State Reporter.